IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Jones, | ) |
| | ) |
|     *Plaintiff*, | ) |
| | ) |
|     -vs- | ) No. 23-cv-4975 |
| | ) |
| City of Chicago, Bryan Cox, Peter Theodore, David Salgado, and Rocco Pruger, | ) *(Judge Gottschall)* |
| | ) |
|     *Defendants*. | ) |

## MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Plaintiff Michael Jones was framed for drug possession by defendants. After serving his sentence, plaintiff moved to vacate his conviction based on newly discovered evidence. The Circuit Court of Cook County vacated the conviction and issued plaintiff a certificate of innocence.

Plaintiff brings federal and state claims in this lawsuit, seeking damages for his wrongful imprisonment. Defendants have moved to dismiss, raising a variety of meritless arguments, including arguments this Court rejected in *Jordan v. Chicago*, No. 20-cv-4012, 2021 WL 1962385 (N.D. Ill. May 17, 2021). The Court should deny the motion.

### I. Factual Background

The facts, viewed in the light most favorable to plaintiff, *Squires-Cannon v. Forest Preserve District of Cook County*, 897 F.3d 797, 802 (7th Cir. 2018),

including facts "consistent with the allegations of the complaint," *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1146-47 (7th Cir. 2010), are as follows:

### A. Plaintiff's False Arrest

Defendants Bryan Cox, Peter Theodore, David Salgado, and Rocco Pruger arrested plaintiff on March 31, 2015, near West Roosevelt Road and South Springfield Avenue in Chicago. (ECF No. 1, Complaint ¶ 5.) The officers were acting under color of their offices as Chicago police officers. (*Id.* ¶ 3.) There was no legal basis for the arrest. (*Id.* ¶ 6.) After arresting plaintiff, the arresting officers conspired, confederated, and agreed to fabricate a false story to justify the unlawful arrest and to cover-up their wrongdoing, causing plaintiff to be wrongfully detained and prosecuted. (*Id.* ¶ 7.)

The story the officers fabricated included the false claims that they had observed plaintiff selling drugs; that when they approached plaintiff, he dropped bags of drugs and fled from the officers; and that plaintiff admitted to selling drugs; and that they had found drugs on plaintiff's person. (ECF No. 1, Complaint ¶ 8.) Defendants Cox, Theodore, Salgado, and Pruger used these fabrications to frame plaintiff by preparing police reports containing the false story, attesting through the official police reports that they were witnesses to the imaginary crime, and communicating the fabrication to prosecutors. (*Id.* ¶¶ 9(a), (b), (c).) Plaintiff alleges, consistent with the Seventh Circuit's teaching in *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017), that each defendant

officer participated in one of these three acts or failed to intervene to prevent the violation of plaintiff's rights.[1] (*Id.*)

Plaintiff was charged with drug possession because of the wrongful acts of the officers. (ECF No. 1, Complaint ¶ 13.) Even though he was innocent, plaintiff pleaded guilty and was sentenced to three years in the Illinois Department of Corrections. (*Id.* ¶ 15.) As a result of the defendants' wrongful acts, plaintiff was deprived of his liberty both as a pre-trial detainee and as a sentenced prisoner in the penitentiary. (*Id.* ¶¶ 15-16.)

### B. Plaintiff's Exoneration

After he served his sentence, plaintiff learned for the first time that the defendant officers' false claims about his arrest were contradicted by sworn testimony they gave about the arrest of another man, Elgin Jordan. (ECF No. 1, Complaint ¶ 13.) Defendants Cox and Salgado claimed in Jordan's case that they had arrested Jordan at 9:45 a.m. and immediately transported him to the police station. This testimony, and the official police reports in Jordan's case, is contrary to the police reports and testimony by the officers in plaintiff's criminal case that they arrested plaintiff at 10:00 a.m. on the same day as Jordan. (*Id.* ¶ 11.) The defendant officers' stories about the arrests of Jordan and plaintiff cannot be reconciled. (*Id.* ¶ 12.)

---

[1] Plaintiff discusses the rule of *Colbert* at 10.

Armed with this newly discovered evidence, plaintiff asked the Circuit Court of Cook County to vacate his conviction. (ECF No. 1, Complaint ¶ 18.) Plaintiff also relied on evidence that defendant Salgado had been convicted of federal charges for criminal acts he had committed as a Chicago police officer. *United States v. Salgado*, 18-CR-286.

The prosecutor did not oppose plaintiff's request to vacate his false conviction, explaining to the criminal court judge:

> Based on the documentation provided by the petitioner regarding the timeline of his arrest and another arrest that occurred very close in time and sworn testimony by officers in a trial for the other defendant and the preliminary hearing for Mr. Jones, the People believe in the interest of justice that this conviction should be vacated, so we will not oppose the petition for relief from judgment.

(Exhibit 1 at 3:11-21, *People v. Jones*, 15-CR-6797, Report of Proceedings, August 26, 2022.) The circuit court vacated plaintiff's conviction. (*Id.* at 4:1-24; ECF No. 1, Complaint ¶ 19.) Plaintiff next sought a Certificate of Innocence under 735 ILCS 5/702(g), which the trial court granted. (Exhibit 2, *People v. Jones*, 15-CR-6797, Order Granting Certificate of Innocence, December 2, 2022.)

As defendants point out, the Court may take judicial notice of the proceedings in state court. (ECF No. 23 at 2 n.1.) But the Court should reject defendants' request to consider only a record of those proceedings that ends on July 23, 2015, when plaintiff was convicted. (ECF No. 23-1.) The proceedings after conviction are plainly relevant too; those proceedings ended with vacatur of plaintiff's conviction and the granting of a certificate of innocence.

The Court should also consider its ruling in *Jordan v. Chicago*, No. 20-cv-4012, 2021 WL 1962385 (N.D. Ill. May 17, 2021), the lawsuit brought by the man arrested at nearly the same time and location as plaintiff. The Court rejected defendants' argument about "group pleading," but ruled that plaintiff's pleadings were insufficient to support his *Monell* claim. *Id.* The parties settled *Jordan* after plaintiff filed an amended complaint, and the Court dismissed the case on June 23, 2021. *Jordan v. Chicago*, No. 20-cv-4012, ECF No. 50.

### C. The City of Chicago's Code of Silence

Plaintiff's *Monell* allegations are different that those considered by the Court in its ruling on the motion to dismiss in *Jorden*. Plaintiff alleges that defendants Cox, Theodore, Salgado, and Pruger acted pursuant to a widespread practice within the Chicago Police Department of a "code of silence" when they concocted their false story and fabricated evidence against plaintiff. (ECF No. 1, Complaint ¶ 40.) Plaintiff supports this allegation with the official report of the United States Department of Justice, "Investigation of the Chicago Police Department," January 13, 2017, and its finding that "a code of silence exists, and officers and community members know it." Report at 75. (ECF No. 1, Complaint ¶¶ 28-29.)

The mayor and other high-level police officials have acknowledged the existence of a code of silence in the Chicago Police Department. (*Id.* ¶¶ 28(b), 30, 31.) As was true in *Jordan*, "[c]ourts in this district have generally found these

-5-

allegations sufficient to allege plausibly a widespread practice known to city policymakers." *Jordan v. City of Chicago*, No. 20-cv-4012, 2021 WL 1962385, at *4 (N.D. Ill. May 17, 2021)

Plaintiff specifically alleges that a cause of his deprivation of liberty was the decision by the City to turn a blind eye to the "code of silence" among its police officers. (ECF No. 1, Complaint ¶¶ 21-22.) Plaintiff alleges that "[b]y maintaining its code of silence, the City caused its officers to believe that they could engage in misconduct with impunity because their actions would never be thoroughly scrutinized." (*Id.* ¶ 35.) In contrast to the complaint in *Jordan*, plaintiff's complaint in this case specifically alleges how the code of silence caused the defendant officers' misconduct.

At the time of plaintiff's false arrest, each of the defendant officers had been the subject of numerous formal complaints of official misconduct. (ECF No. 1, Complaint ¶ 33.) Because of the code of silence, however, none of these formal complaints resulted in discipline sufficient to deter the officers' wrongdoing. (*Id.* ¶ 34.) In addition,

> 36. The code of silence gave defendants Cox, Pruger, Salgado, and Theodore comfort and a sense that they could violate plaintiff's rights and not be disciplined.
>
> 37. The code of silence emboldened defendants Cox, Pruger, Salgado, and Theodore to frame plaintiff.
>
> 38. The code of silence provided defendants Cox, Pruger, Salgado, and Theodore with good reason to believe that they would effectively be immune from any sanction for their wrongdoing.

39. The code of silence encourages Chicago police officers to frame innocent persons because the officers know they will not be meaningfully disciplined, and it encouraged defendants Cox, Pruger, Salgado, and Theodore to frame plaintiff.

40. As a direct and proximate result of the City's code of silence, defendants Cox, Theodore, Salgado concocted the false story and fabricated evidence against plaintiff.

(*Id.* ¶¶ 36-40.) Plaintiff shows in Section V below that these allegations are sufficient to satisfy the causation component of plaintiff's *Monell* claim.

## II. Plaintiff's Complaint Satisfies the Federal Rules of Civil Procedure

Plaintiff's complaint follows the Seventh Circuit's admonition in *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073 (7th Cir. 1992), that, "while it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it." *Id.* at 1078. Plaintiff's complaint also follows the teachings of the Seventh Circuit that a complaint need not plead legal theories. *See, e.g., Title Industry Assurance Co. v. First American Title Insurance Co.*, 853 F.3d 876, 880 (7th Cir. 2017). Defendants' argument for a different pleading standard "reflects a deep and too-common misunderstanding of federal pleading requirements." *Zall v. Standard Ins. Co.*, 58 F.4th 284, 295 (7th Cir. 2023). The Court should reject defendants' argument that plaintiff has not given reasonable notice of his allegations. (Motion to Dismiss at 3.)

### III. Plaintiff's Claims

Plaintiff brings this lawsuit against five defendants. First, plaintiff sues the four officers who framed him: Defendants Cox, Theodore, Salgado, and Pruger. Plaintiff brings claims against these officers under the Fourth Amendment for causing his unreasonable seizure before trial and under the Due Process Clause of the Fourteenth Amendment for causing his deprivation of liberty after conviction. Defendants do not dispute the legal basis for these claims, raising only a meritless argument against the failure-to-intervene theory of liability. (Motion to Dismiss at 7.)

Defendants ask the Court to accept Judge Easterbrook's concurring opinion in *Mwangangi v. Nielsen*, 48 F.4th 816, 831 (7th Cir. 2022), and overrule Seventh Circuit precedent recognizing claims for failure to intervene. Another judge in this district recently rejected this tactic, explaining that district courts "lacks the authority to hold that failure to intervene claims are impermissible." *Blackmon v. City of Chicago*, No. 19-cv-767, 2023 WL 7160639, at *21 (N.D. Ill. Oct. 31, 2023). "If Defendants' aim in making this argument was to preserve the issue for appeal, it would have been better form to make that intention clear rather than ask this Court to overrule Seventh Circuit precedent." *Id.*

Defendants are correct that plaintiff's failure to intervene theory, like his conspiracy theory, is only actionable if the underlying claims are actionable. (Motion to Dismiss 7-8.) Defendants include a conclusory statement that plaintiff

-8-

does not state a valid underlying claim (*id.* at 8), but their only support is the "impermissible group pleading" argument discussed in Section IV. The Court should reject that argument.

Defendants also refer to a false arrest claim. (Motion to Dismiss at 6-7.) Plaintiff's counsel is well aware of *Wallace v. Kato*, 549 U.S. 384 (2007) and does seek to raise a time-barred claim.

In addition to his claims against the individual defendants, plaintiff brings federal claims and a state law claim against the City of Chicago. Plaintiff contends that the City's official policy of maintaining a code of silence was a cause of the misconduct in this case.

Plaintiff brings his state law claim for the Illinois tort of malicious prosecution against the City of Chicago only. The City is liable under state law for the conduct of its employees in causing plaintiff's malicious prosecution under the doctrine of respondeat superior. *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 163-64, 862 N.E.2d 985, 991 (2007).

### IV. Plaintiff's Complaint Sufficiently Alleges Involvement by Each Individual Defendant

Defendants argue that the complaint does not contain sufficient allegations of wrongdoing by each of the individual defendants. (Motion to Dismiss at 4-6.) This "impermissible group pleading" argument has been repeatedly rejected, including by this Court in *Kuri v. City of Chicago*, No. 13 C 1653, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) and more recently in *Jordan v. Chicago*,

No. 20-cv-4012, 2021 WL 1962385, at *2 (N.D. Ill. May 17, 2021). Defendants refuse to acknowledge the Court's ruling on group pleading in *Jordan*, adopting an "ostrich-like tactic" that is "as unprofessional as it is pointless." *Hill v. Norfolk & Western Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir. 1987).[2]

Defendants' "group pleading" argument overlooks "the potential tension between § 1983's individual-responsibility requirement and factual scenarios of the kind present here." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). In *Colbert*, the Seventh Circuit confronted a situation where the plaintiff knew that some of the ten officers who searched his house had caused property damage, but he did not know which ones had caused the damage because officers had removed the plaintiff from the search area. *Id*. This case is similar: based on the reports prepared by the officers, plaintiff knows the identity of all the officers who had some involvement in fabricating the false story, creating the reports, and communicating the false stories to prosecutors. But like the plaintiff in *Colbert*, plaintiff was not present when the officers committed their wrongful acts. Without discovery, plaintiff cannot describe the involvement of each officer.

Plaintiff therefore follows the teaching of *Colbert* by including allegations that are unaffected by his inability to describe exactly what each officer did. In accordance with *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017),

---

[2] Defendants' tactic of ignoring *Jordan* is odd because they ask the Court to rely on *Jordan* in support of their request to dismiss the *Monell* claim. (Motion to Dismiss at 14.) Plaintiff shows in Section V that the *Monell* allegations in this case are distinct from those in *Jordan*.

plaintiff alleges that the officers engaged in a conspiracy of silence. (ECF No. 1, Complaint ¶ 7.) And, as suggested by cases such as intervention *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005), plaintiff alleges that the officers who neither created the false report nor communicated the false story are liable because they failed to intervene to prevent those violations of plaintiff's constitutional rights. (ECF No. 1, Complaint ¶¶ 9(a), (b), (c).)

These allegations are indistinguishable from the allegations in *Jordan v. Chicago*, No. 20-cv-4012, 2021 WL 1962385 (N.D. Ill. May 17, 2021), where the Court held:

> As many courts have recognized, a plaintiff may be forced to employ limited group pleading in § 1983 suits alleging police officer misconduct where the plaintiff cannot "specify which individual committed which parts of the alleged misconduct before the benefit of discovery." *Kuri v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009)). The fair notice standard "is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer." *Koh v. Graf*, 2013 WL 5348326, at *4 (N.D. Ill. Sept. 24, 2013). As the Seventh Circuit has explained, "Such a pleading standard would effectively allow police officers to violate constitutional rights with abandon as long as they ensured they could not be individually identified, even if liability for acting in concert (or for aiding and abetting each other) would otherwise apply." *Id.* (citing *Wilson v. City of Chicago*, 2009 WL 3242300, at *2 (N.D. Ill. Oct. 7, 2009)).
>
> Like similar complaints that have survived a motion to dismiss, Jordan's complaint is coherent, as the "basis of his claims is easily understood," despite his reliance on group pleading. *Kuri v. City of Chicago*, 2014 WL 114283, at *7 (N.D. Ill. Jan. 10, 2014); *see Gray v. City of Chicago*, 2019 WL 3554239, at *5 (N.D. Ill. Aug. 1, 2019)

> (collecting additional cases); *Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

*Id.* at \*2. The Court should follow its ruling in *Jordan*, which defendants simply ignore.

Instead of addressing the Court's ruling in *Jordan*, defendants repeat the arguments the Court rejected in that case. Defendants again seek to rely on *Atkins v. Hasan*, No. 15 C 203, 2015 WL 3862724, at \*3 (N.D. Ill. June 22, 2015), but the allegations in that case were that the wrongdoing alleged was committed by defendants or other unnamed individuals. Plaintiff does not make any allegation about unnamed individuals. Another case cited by defendants, in this case and in *Jordan*, *Smith v. Village of Dolton*, No. 09 C 6351, 2010 WL 744313, at \*2 (N.D. Ill. Feb. 25, 2010), contained similarly vague allegations about unknown individuals and an undefined reference to "defendants OFFICERS." There is no such vagueness in the allegations here.

### V. Plaintiff has Sufficiently Alleged a *Monell* Claim

Defendant City of Chicago makes three arguments against plaintiff's *Monell* claim. First, defendant argues that plaintiff's allegations about the City's code of silence do not sufficiently identify a widespread practice. (Motion to Dismiss at 10-14.) This Court rejected that argument in *Jordan*, explaining that "[c]ourts in this district have generally found these allegations sufficient to allege plausibly a widespread practice known to city policymakers." *Jordan v. City of Chicago*, No. 20-cv-4012, 2021 WL 1962385, at \*4 (N.D. Ill. May 17, 2021).

Defendant ignores this holding and fails to provide any reason for the Court to depart from it.

The Court's holding in *Jordan* also requires that the Court reject defendant's argument that plaintiff does not sufficiently allege deliberate indifference on the part of City policymakers. (Motion to Dismiss at 16-17.) As another court in this district recently explained, "[t]he same factual allegations establishing a widespread practice also suffice to demonstrate that Chicago was deliberately indifferent to [plaintiff's] constitutional rights." *King v. City of Chicago*, No. 22 C 4605, 2023 WL 4473017, at *7 (N.D. Ill. July 11, 2023). On a motion to dismiss, plaintiff's allegations that City policymakers have known of and encouraged a "code of silence" among its police officers combined with allegations of the many ways that policymakers have acknowledged the "code of silence" are sufficient. (ECF No. 1, Complaint ¶ 14.)

The Court should reject defendant's contention that plaintiff's complaint does not "prove" that the City "was constitutionally culpable through deliberate indifference." (Motion to Dismiss at 16.) Proof is not required at the pleading stage. *E.g., Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 830 (7th Cir. 2014) (pleading stage is "before any evidence is required"). Defendant mistakenly seeks to rely on cases decided at summary judgment or after trial for this argument. *LaPorta v. City of Chicago*, 988 F.3d 978 (7th Cir. 2021); *Brown v. City of Chicago*, 633 F. Supp. 3d 1122, 1176 (N.D. Ill. 2022).

Finally, defendant seeks to rely on this Court's ruling in *Jordan* that the plaintiff had not sufficiently alleged causation, but defendant fails to acknowledge that the complaint in this case contains allegations about causation that were absent from *Jordan*. (Motion to Dismiss at 14-15.) The plaintiff's original complaint in *Jordan* contained only a single paragraph about causation. *Jordan*, 2021 WL 1962385, at *5. In contrast, the plaintiff in this case has alleged in multiple paragraphs how the code of silence emboldened the defendant officers to commit misconduct. (ECF No. 1, Complaint ¶¶ 33-40.) The officers were the subject of numerous formal complaints of official misconduct; because of the code of silence, however, none resulted in discipline sufficient to deter the officers' wrongdoing. (*Id.* ¶¶ 33-34.) These and plaintiff's other allegations about causation (*id.* ¶¶ 35-40) support the inference that "the City caused its officers to believe that they could engage in misconduct with impunity because their actions would never be scrutinized, thereby emboldening the Officers to fabricate evidence and cover up a false arrest in this case." *Johnson v. City of Chicago*, No. 20 C 7222, 2021 WL 4438414, at *6 (N.D. Ill. Sept. 28, 2021). The district court in *Johnson* found that a plaintiff who made such allegations "sufficiently alleged that the code of silence was the moving force behind the constitutional violations he suffered." *Id.*

The district court's ruling in *Fix v. City of Chicago*, No. 21-cv-2843, 2022 WL 93503, at *4 (N.D. Ill. Jan. 10, 2022) is in accord:

> Construing the facts in plaintiffs' favor, because they have plausibly alleged that the widespread practice allows the officers to engage in excessive force with impunity, they have sufficiently alleged that the practice was the moving force behind the constitutional violations they suffered.

*Id.* at *4; *see also Ferguson v. Cook County*, No. 20-cv-4046, 2021 WL 3115207, at *12 (N.D. Ill. July 22, 2021) (collecting cases). As the Seventh Circuit held in *Sledd v. Lindsay*, 102 F.3d 282, 287 (7th Cir. 1996), a "code of silence" could be the cause of the injuries to the plaintiff "because the officers responsible for using excessive force and otherwise abusing [the plaintiff] had good reason to believe that their misconduct would not be revealed by their fellow officers and that they would effectively be immune even if a complaint was filed." *Id.* at 287.

### VI.  Conclusion

The Court should therefore deny defendants' motion to dismiss.

Respectfully submitted,

/s/ Joel A. Flaxman
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*Attorneys for Plaintiff*
